UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br>2025 Guadalupe Street, Suite 260<br>Austin, Texas 78705<br><br>                              Plaintiff,<br>     -against-<br><br>ADVANCED RESEARCH PROJECTS AGENCY FOR HEALTH,<br>c/o General Counsel<br>200 Independence Avenue S.W.<br>Washington, DC 20201<br><br>-and-<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue S.W.<br>Washington, DC 20201<br><br>                              Defendants. | Civil Action No. 1:24-cv-3246 |

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against defendant Advanced Research Projects Agency for Health ("**ARPA-H**") and the United States Department of Health and Human Services ("**HHS**," together with ARPA-H, "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

1

2. Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas, with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

4. Defendant ARPA-H is an agency within the Executive Branch of the United States Government and is a part of HHS. ARPA-H is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On May 22, 2024, Plaintiff sent a FOIA request to Defendant ARPA-H seeking copies of the following records:

> All communications (including, but not limited to, emails, text messages, direct messages, Teams chats, Slack chats, etc.) sent or received by Renee Wegrzyn to or from Peter Marks from October 1, 2022 through the date of the search.

(**Exhibit 1**.)

6. ARPA-H acknowledged Plaintiff's FOIA request on May 24, 2024, and assigned FOIA request no. 2024-010. (**Exhibit 2**.)

7. On June 17, 2024, ARPA-H sent Plaintiff its final determination letter, which stated in relevant part:

> The ARPA-H comprehensive search for records located the enclosed 2 emails consisting of 4 pages, responsive to your request, which are being released to you in their entirety.

(**Exhibit 3**.)

8. Plaintiff submitted its appeal to ARPA-H's final determination on September 9, 2024, challenging Defendant's adequacy of search. (**Exhibit 4**.)

9. On October 10, 2024, ARPA-H received the appeal and assigned case no. 2024-00276-A-PHS. (**Exhibit 5**.)

10. As of the date of this Complaint, Defendants have failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) notify Plaintiff of the determination of its appeal; or (v) produce the requested records or otherwise demonstrate that the requested records are exempt from disclosure.

## COUNT I
### FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges the previous paragraphs as if fully stated herein.

12. Defendants are in violation of FOIA.

13. Defendants were required to make a final determination on Plaintiff's appeal no later than twenty (20) business days from acknowledgement of the appeal. Because Defendants failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

14. Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

15. Plaintiff has no adequate remedy at law.

## COUNT II
### FAILURE TO PROVIDE AN ESTIMATED COMPLETION DATE
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

16. Plaintiff realleges the previous paragraphs as if fully stated herein.

17. Defendants are in violation of FOIA.

### COUNT III
### IMPROPER WITHHOLDING OF INFORMATION AND DATA
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

18. Plaintiff realleges the previous paragraphs as if fully stated herein.

19. Defendants have failed to establish that they adequately applied an exemption to the withheld information and data.

20. Defendants are in violation of FOIA.

### COUNT IV
### FAILURE TO ESTABLISH AN ADEQUATE SEARCH
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

21. Plaintiff realleges the previous paragraphs as if fully stated herein.

22. Defendants have failed to establish that they adequately searched for responsive records despite Plaintiff's challenge to same in Plaintiff's appeal.

23. Defendants are in violation of FOIA.

### COUNT V
### ENTITLEMENT TO WAIVER OF SEARCH FEES

24. Plaintiff realleges the previous paragraphs as if fully stated herein.

25. Defendants are in violation of FOIA.

26. Plaintiff sought a waiver of fees. Defendant failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

27. Plaintiff is entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

### REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendants' current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

  b. Order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

  c. Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

  d. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

  e. Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

  f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

  g. Grant Plaintiff a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

  h. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: November 17, 2024      SIRI & GLIMSTAD LLP

                 /s/ *Helena Dollanarte*
                 Helena Dollanarte, Esq.
                 DC Bar No. VA189
                 745 Fifth Ave
                 Suite 500
                 New York, New York 10151
                 Tel: (240) 732-6737
                 hdollanarte@sirillp.com
                 Catherine Ybarra, Esq.
                 DC Bar No. CA00203
                 700 S Flower Street
                 Suite 1000
                 Los Angeles, CA 90017
                 Tel: (240) 732-6737
                 cybarra@sirillp.com
                 *Attorneys for Plaintiff*